THE HONORABLE DAVID G. ESTUDILLO

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

ANTHONY HUFF-MCKAY, an individual,

    Plaintiff,

vs.

CITY OF TACOMA, a Washington local government entity; KHANH PHAN, an individual,

    Defendants.

NO. 3:24-cv-05104-DGE-MLP

SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, ANTHONY HUFF-MCKAY, by and through his attorneys, OSBORN MACHLER, and for cause of action against the defendants, states, alleges, and complains as follows:

### I.   PARTIES

1. At all times material hereto, plaintiff Anthony Huff-McKay was a single person residing in Pierce County, Washington, within the jurisdiction of this court.

2. Defendant City of Tacoma ("Defendant City") is a Washington local government entity as defined by RCW 4.96.010(2), and is located within the boundaries of Pierce County, Washington.

SECOND AMENDED COMPLAINT FOR DAMAGES - 1
(No. 3:24-cv-05104-DGE-MLP)

Osborn Machler
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

3. At all times material hereto, defendant Khanh Phan ("Defendant Phan") was employed as a peace officer by defendant City of Tacoma pursuant to RCW 10.93 and was acting as an employee, agent, or ostensible agent of defendant City of Tacoma under color of state law.

4. All acts and omissions of defendant City of Tacoma's agents, employees, ostensible agents, or contractors are imputed to defendants herein by reference and as referenced below.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims presented hereto pursuant to 28 U.S.C §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367.

7. This Court has in general personal jurisdiction over defendants as they resided and/or worked in Pierce County, Washington at all times material hereto.

8. This Court has specific *in personam* jurisdiction over defendants because plaintiff's claims arise out of conduct by defendants that took place in the Western District of Washington.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all defendants have their principal place of business in Pierce County, and work and do business in this state and division.

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the causes of action presented herein arise from events occurring in Tacoma, Washington. Plaintiff satisfied the pre-suit claim requirements of Chapter 4.96 RCW by submitted a City of Tacoma Claim for Damages Form to the City of Tacoma on November 3, 2023. As of the date

SECOND AMENDED COMPLAINT FOR DAMAGES - 2
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

of the filing of this Complaint, more than sixty (60) days have passed since Plaintiff submitted the City of Tacoma Claim for Damages Form.

### III.   FACTS

12. On January 23, 2021, plaintiff Anthony Huff-McKay was a pedestrian at the intersection of South Ninth Street and Pacific Avenue in Tacoma, Washington.

13. At that same time, Defendant Phan was on duty in downtown Tacoma. Defendant Phan, acting within the scope of his employment and in furtherance of orders from the Tacoma Police Department, attempted to enter the South Ninth Street and Pacific Avenue intersection via South Ninth Street in his patrol car, in response to report of a "car meet" taking place therein.

14. A "car meet" was taking place at the intersection of South Ninth Street and Pacific Avenue as reported to Defendant Phan, wherein drivers were performing "donuts" in their vehicles.

15. Prior to attempting to enter the South Ninth Street and Pacific Avenue intersection via Pacific Avenue, Defendant Phan had observed the "car meet" therein as well as a crowd of pedestrians therein who were observing.

16. As Defendant Phan approached the South Ninth Street and Pacific Avenue intersection via Pacific Avenue in his patrol car, Tacoma Police Officer Christopher Bain was following behind him in another patrol car and providing back up. Both Officer Bain and Defendant Phan were equipped with radios by which they were communicating as they approached the intersection.

17. Defendant Phan claims the crowd of pedestrians, including plaintiff, blocked the entrance to the South Ninth Street and Pacific Avenue intersection and prevented him from entering the intersection in his patrol vehicle.

SECOND AMENDED COMPLAINT FOR DAMAGES - 3
(No. 3:24-cv-05104-DGE-MLP)

OSBORN MACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

18. Defendant Phan believed the pedestrians, including plaintiff, were blocking the intersection because he perceived them to be associated with the "car meet" drivers, whom he refers to as "street racers."

19. Defendant Phan slowly drove his vehicle into the crowd of pedestrians, at which point some of the pedestrians approached the front of his vehicle.

20. Defendant Phan then reversed his vehicle to gain momentum, shifted his vehicle into drive, and accelerated through the intersection, striking at least a dozen pedestrians, including the plaintiff, and pushing the plaintiff forward approximately 20 feet into the middle of the South Ninth Street and Pacific Avenue intersection.

21. Defendant Phan then ran over the plaintiff with the wheels of his patrol car and crippled him.

22. Plaintiff was subjected to horribly painful injuries as the officer ran over his abdomen and legs with his vehicle. As the vehicle rolled over plaintiff, he believed he might die under its wheels.



**Defendant Phan Running Over Plaintiff**

23. Defendant Phan did not give an order to disburse prior to accelerating through the intersection and running over the plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES - 4
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

24. Defendant Phan did not request assistance from Officer Bain prior to accelerating through the intersection and running over the plaintiff.

25. Defendant Phan did not attempt to reverse and extricate himself from the pedestrians prior to accelerating through the intersection and running over the plaintiff.

26. Defendant Phan could have avoided injuring and crippling the plaintiff had he continued driving slowly into the intersection instead of accelerating.

27. The Plaintiff was not posing a threat to Defendant Phan at or before the time he was struck and then ran over.

28. Prior to accelerating through the crowd and running over the Plaintiff, Defendant Phan had frustrating encounters with those he terms "street racers" while acting within the scope of his employment as a Tacoma Police Officer.

29. Prior to accelerating through the crowd and running over the Plaintiff, Defendant Phan, through his work as a Tacoma Police Officer, was familiar with the tactic of "blocking" by which those he terms "street racers" block law enforcement from entering intersections.

30. As he approached the "car meet" at the South Ninth Street and Pacific Avenue intersection, Defendant Phan believed this to be the same group of "street racers" he had encountered prior in the Tacoma area and with whom he was frustrated.

31. Defendant Phan chose to collectively punish and air his past frustrations upon the crowd of pedestrians, whom he terms "street racers," by accelerating his patrol vehicle into them.

32. Immediately after accelerating through the crowd of pedestrians and running over the Plaintiff, Officer Phan can be heard coolly and calmly requesting supervisor assistance via his police radio.

SECOND AMENDED COMPLAINT FOR DAMAGES - 5
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

33. Immediately after accelerating through the crowd of pedestrians and running over the Plaintiff, Officer Phan turned his patrol car around and attempted to return to the South Ninth Street and Pacific Avenue intersection to administer aid to those he had injured.

34. Defendant Phan later claimed he thought a Molotov cocktail was thrown at his vehicle prior to accelerating through the crowd of pedestrians and running over the plaintiff.

35. In a July 14, 2022, letter from the Pierce County Prosecuting Attorney's Office to the Chief of the City of Tacoma regarding this incident, it states, "none of the investigators or other staff relayed detecting odors or accelerants typical of incendiary devices."

36. Defendant Phan has no physical evidence corroborating his later-claimed belief that a Molotov cocktail was thrown at his vehicle.

37. Defendant Phan has no evidence besides his personal testimony corroborating his later-claimed belief that a Molotov cocktail was thrown at his vehicle.

38. No tests have corroborated Defendant Phan's later-claimed belief that a Molotov cocktail was thrown at his vehicle.

39. Defendant Phan later claimed he did not intend to hit any pedestrians when he accelerated into the crowd, striking at least a dozen people.

40. Defendant Phan later claimed he saw a gap in the crowd before he accelerated, striking at least a dozen people, and running over the plaintiff, which he believed his vehicle could fit through without striking pedestrians.

41. Defendant Phan was grossly mistaken with respect to his later-claimed belief that his patrol vehicle could fit through a gap in the crowd without striking pedestrians, as evidenced by the fact he struck at least a dozen pedestrians before running over and crippling the Plaintiff.

42. The Plaintiff did not touch Defendant Phan's vehicle until he was struck, pushed forward, ran over, and crippled by Defendant Phan.

SECOND AMENDED COMPLAINT FOR DAMAGES - 6
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

43. While the Plaintiff was laying on the ground with crippling injuries, Tacoma Police Officer Connor Cockle arrived on the scene. The Plaintiff did not move from the ground until he was transported from the scene to the hospital via ambulance.

44. Plaintiff was later criminally charged by the Pierce County Prosecuting Attorney's Office in relation to this incident. Plaintiff's criminal charges include alleged unlawful imprisonment of Defendant Phan, alleged malicious mischief in the second degree due to allegedly damaging Defendant Phan's patrol car, alleged unlawful imprisonment of Officer Cockle and alleged malicious mischief in the second degree due to allegedly damaging Officer Cockle's patrol car, and alleged obstruction of justice.

45. It is believed the Plaintiff suffered the most severe injuries of anyone present at the South Ninth Street and Pacific Avenue intersection that evening. It is also believed that the Plaintiff is only person who has been criminally charged in relation to this incident.

46. The July 17, 2022, letter from the Pierce County Prosecuting Attorney's Office also states, "RCW 9A.16.040 governs the use of deadly force by law enforcement officers who are acting to arrest or apprehend a suspect or suppress an armed riot. Although PPO Phan was a public officer performing his legal duty when he responded to multiple reports of street racers blocking the intersection, he was not acting to arrest or apprehend a suspect or suppress a riot when he drove forward into a crowd of people. In this situation, PPO Phan was not acting pursuant to RCW 9A.16.040."

47. Defendant Phan was not acting to arrest or apprehend a suspect when he drove into the crowd of pedestrians, accelerated, and ran over the plaintiff.

48. Defendant Phan was not acting to suppress an armed riot when he drove into the crowd of pedestrians, accelerated, and ran over the plaintiff.

49. Defendant Phan was not acting pursuant to RCW 9A.16.040.

50. Defendant Phan used an excessive amount of force against the Plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES - 7
(No. 3:24-cv-05104-DGE-MLP)

OSBORN MACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

51. Defendant Phan used deadly force against the Plaintiff.

52. Defendant Phan could have taken other steps and avoided injuring plaintiff, while still protecting himself and property. It was not necessary or reasonable for Defendant Phan to enter and then accelerate through a crowd of pedestrians.

53. Defendant City did not train or instruct Defendant Phan on how to respond to a "crowd surrounding the patrol car scenario" or other scenarios in which pedestrians approach a patrol car, such as during a protest, prior to the incident.

54. Defendant City improperly trained and supervised Defendant Phan.

55. Defendant City did not have a policy instructing its officers, including Defendant Phan, on how to proceed when their patrol car is approached by pedestrians, such as during a protest.

56. Defendant City's lack of a policy instructing its officers, including Defendant Phan, how to proceed when their patrol car is approached by pedestrians constituted deliberate indifference to the plaintiff's constitutional rights.

57. Defendant City failed to follow and/or enforce its own policies and procedures in relation to this incident.

58. Multiple lawsuits claiming excessive force have been settled by Defendant City in the recent past. Tacoma Police Department officers have been subject to repeated complaints of excessive force but have been allowed to continue to police with no meaningful punishment or discipline.

59. Defendant City, by and through the Tacoma Police Department, tolerates constitutional violations and has not acted to limit such excessive use of force by its police officers.

SECOND AMENDED COMPLAINT FOR DAMAGES - 8
(No. 3:24-cv-05104-DGE-MLP)

OSBORN MACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

## IV.     LIABILITY

60. Plaintiff re-alleges paragraphs 1 through 59 above and incorporates those paragraphs herein.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT PHAN – NEGLIGENCE UNDER WASHINGTON LAW

61. Defendant Phan had a common law duty to the Plaintiff to act reasonably and with ordinary care.

62. Defendant Phan breached the duty to act reasonably and with ordinary care and proximately caused damages to the Plaintiff.

63. Defendant Phan's conduct was negligent in many respects, including but not limited to, operating a motor vehicle below the standard of reasonable care required for operation on the public roads of the State of Washington and was in violation of applicable statutes as provided for by the laws of the State of Washington.

64. Officer Phan negligently breached the standard of reasonable care applicable to a peace officer under the same or similar circumstances and proximately caused damages to plaintiff.

65. Defendant City is liable for the negligent conduct of Defendant Phan pursuant to the doctrine of *respondeat superior*.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT PHAN – GROSS NEGLIGENCE UNDER WASHINGTON LAW

66. Defendant Phan had a common law duty to the Plaintiff to act reasonably and with ordinary care.

67. Defendant Phan's actions in driving his patrol car through a crowd of pedestrians went beyond a lack of ordinary care and rose to the level of reckless and grossly negligent conduct.

SECOND AMENDED COMPLAINT FOR DAMAGES - 9
(No. 3:24-cv-05104-DGE-MLP)

O<small>SBORN</small> M<small>ACHLER</small>
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

68. Defendant Phan's actions in driving his car through a crowd of pedestrians breached the duty to act reasonably and with ordinary care to such a degree as to constitute reckless conduct and gross negligence and proximately caused damages to the Plaintiff.

69. Defendant City is liable for the grossly negligent conduct of Defendant Phan pursuant to the doctrine of *respondeat superior*.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT PHAN – FOURTH AMENDMENT EXCESSIVE FORCE

70. Defendant Phan, while acting under color of law, used excessive force on the Plaintiff by striking and running the Plaintiff over with his patrol car.

71. Plaintiff posed no danger of serious injury or death to anyone.

72. Defendant Phan knew that driving his patrol car through a crowd of pedestrians constituted excessive force in violation of clearly established law.

73. Defendant Phan's use of force was excessive and objectively unreasonable in light of clearly established law and in violation of clearly established law. His use of force directly caused the Plaintiff injuries. Therefore, Defendant Phan violated the Plaintiff's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure. This cause of action is brought pursuant to 42 USC § 1983.

74. As a direct and proximate cause of Defendant Phan's actions, the Plaintiff was injured and suffered damages.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT PHAN – FOURTEENTH AMENDMENT EXCESSIVE FORCE THAT SHOCKS THE CONSCIENCE

75. Defendant Phan, while acting under color of law, used excessive force on the Plaintiff by striking and running the Plaintiff over with his patrol car.

76. Defendant Phan knew that his use of excessive force was likely to seriously injure persons such as the plaintiff, who posed no danger of serious injury or death to anyone.

SECOND AMENDED COMPLAINT FOR DAMAGES - 10
(No. 3:24-cv-05104-DGE-MLP)

**O**SBORN **M**ACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

77. Defendant Phan's use of excessive force caused the Plaintiff to suffer injuries and incur damages, was grossly disproportionate to the need for action under the circumstances and was inspired by malice or excess zeal such that it amounted to an abuse of official power that shocks the conscience. Without any provocation or legitimate reason, Defendant Phan drove his patrol car through a crowd of pedestrians and used deadly force on the Plaintiff, though the Plaintiff posed him no risk of serious bodily injury or death.

78. Therefore, Defendant Phan violated the Plaintiff's clearly established Fourteenth Amendment substantive due process right to be free from excessive force that clearly shocks the conscience.

79. This cause of action is brought under 42 USC § 1983.

80. As a direct and proximate cause of Defendant Phan's actions, the Plaintiff was injured and incurred damages.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF TACOMA – NEGLIGENT TRAINING AND SUPERVISION UNDER WASHINGTON LAW**

81. Defendant City owed plaintiff, a member of the public, a duty to properly train and supervise its employees, including Defendant Phan.

82. Defendant City breached those duties by failing to adequately train and supervise Defendant Phan.

83. Defendant City is liable for their failure to adequately train and supervise Defendant Phan, which proximately caused damages to plaintiff.

**SIXTH CAUSE(S) OF ACTION AGAINST DEFENDANT CITY OF TACOMA – FOURTH AND FOURTEENTH AMENDMENT SECTION 1983 CLAIMS**

84. Defendant Phan, acting under color of law, used excessive force and conscience-shocking excessive force upon the plaintiff, though plaintiff posed no risk of serious harm or death to anyone. This use of force was completely and wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, shocked the conscience, and

SECOND AMENDED COMPLAINT FOR DAMAGES - 11
(No. 3:24-cv-05104-DGE-MLP)

**O**SBORN **M**ACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

directly caused the plaintiff's injuries and damages. Thus, the plaintiff's clearly established Fourth and Fourteenth Amendment rights were violated.

85. Defendant City had the following policies, practices, or customs in place when Defendant Phan injured the Plaintiff:

   a. Using, authorizing, and/or tolerating excessive force against suspects;
   b. Failing to adequately discipline officers;
   c. Failing to adequately supervise officers;
   d. Failing to adequately provide officers de-escalation training to avoid and or minimize harm from use of force incidents;
   e. Failing to adequately train officers in crowd control and how to respond to protests or situations when a police car is approached by members of the public.

86. Each of the policies, practices, or customs delineated above was actually known, constructively known, and/or ratified by the City of Tacoma's Chief of Police (the department's policymaker) and was promulgated with deliberate indifference to the Fourth and Fourteenth Amendment rights of the plaintiff under the United States Constitution.

87. The known and obvious consequences of these policies, practices, or customs was that Tacoma Police Department officers would be placed in recurring situations in which constitutional violations described in this Complaint would occur. Accordingly, these policies made it highly predictable that the particular violations alleged here, all of which occurred under color of law, would result.

88. Despite being aware, at the time of the incident described in plaintiff's Complaint, of multiple similar incidents in which unconscionable, unreasonable, or excessive force was deployed by Tacoma Police officers against members of the public, the Tacoma Police Department and Defendant City did not remedy this misconduct. Therefore, Defendant

SECOND AMENDED COMPLAINT FOR DAMAGES - 12
(No. 3:24-cv-05104-DGE-MLP)

OSBORN MACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

City is directly liable under federal law for the failure by its police department to train and supervise officers and correct misconduct, both of which proximately cause plaintiff injuries and damages.

89. The policies, procedures, and practices, and lack thereof, delineated above were consequently a moving force behind the constitutional deprivations and injuries sustained by plaintiff during his interaction with Defendant Phan and proximately caused the plaintiff injuries and damages.

## V. DAMAGES

89. As a direct and proximate result of defendants' conduct, plaintiff Anthony Huff-McKay was injured, suffered, and continues to suffer physical disability and pain, emotional trauma, medical expenses, future medical expenses, economic damages including lost wages and loss of earning capacity, loss of enjoyment of life, and other general and special damages past, present, and future, all in amounts to be proven at the time of trial.

90. As a direct and proximate result of defendants' conduct, plaintiff Anthony Huff-McKay suffered catastrophic bodily injuries to his person, including broken ribs, a partially collapsed lung, a torn ACL, a torn meniscus, and wounds to his abdomen, feet, and hands, incurring past and future medical expenses as well as unnecessary pain and suffering.

## VI. DEMAND FOR JURY

91. Plaintiff demands a jury trial in this matter of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment against the defendants, jointly and severally, as follows:

1. For special damages in an amount to be proven at trial;
2. For general damages in an amount to be proven at trial;

SECOND AMENDED COMPLAINT FOR DAMAGES - 13
(No. 3:24-cv-05104-DGE-MLP)

OSBORN MACHLER
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

3. For punitive damages as allowed by law;

4. For pre-judgment interest on liquidated damages;

5. For plaintiff's costs and disbursements herein;

6. For reasonable costs and attorneys' fees as allowed by law;

7. For such other relief as this Court deems just and proper.

**DATED** this 1st day of April, 2024.

          OSBORN MACHLER

          */s/Austin J. Neff*
          Simeon J. Osborn, WSBA #14484
          sosborn@osbornmachler.com
          Susan Machler, WSBA #23256
          smachler@osbornmachler.com
          Austin J. Neff, WSBA #57059
          aneff@osbornmachler.com
          **OSBORN MACHLER, PLLC**
          2025 First Avenue, Suite 1140
          Seattle, WA 98121
          (206) 441-4110
          (206) 441-4200 – Fax

          ATTORNEYS FOR PLAINTIFF

SECOND AMENDED COMPLAINT FOR DAMAGES - 14
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)

# DECLARATION OF SERVICE

I declare under penalty of perjury of the laws of the United States of America and the State of Washington that on April 1, 2024, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Simeon J. Osborn, WSBA No. 14484 | Michelle N. Yotter, WSBA No. 49075 |
| Susan Machler, WSBA No. 23256 | Tacoma City Attorney |
| Austin J. Neff, WSBA No. 57059 | Civil Division |
| Osborn Machler, PLLC | 747 Market Street, Room 1120 |
| 2025 First Avenue, Suite 1140 | Tacoma, WA 98402-3767 |
| Seattle, WA 98121 | Telephone: (253) 591-5885 |
| Tel.: (206) 441-4110 | Fax: (253) 591-5755 |
| Fax: (206) 441-4200 | Email: MYotter@cityoftacoma.org |
| Email: sosborn@osbornmachler.com | ***Attorney for Defendants City of Tacoma and Khanh Phan*** |
| Email: smachler@osbornmachler.com | |
| ***Attorneys for Plaintiff*** | |

DATED this 1st day of April, 2024, at Seattle, WA, USA.

*/s/ Katie Bue*
Katie Bue, *Paralegal*
kbue@osbornmachler.com
**OSBORN MACHLER, PLLC**
2025 First Avenue, Suite 1140
Seattle, WA 98121
(206) 441-4110
(206) 441-4200 – Fax

ATTORNEYS FOR PLAINTIFF

SECOND AMENDED COMPLAINT FOR DAMAGES - 15
(No. 3:24-cv-05104-DGE-MLP)

**OSBORN MACHLER**
2025 1st Ave., Ste. 1140
Seattle, WA 98121
(206) 441-4110 (Tel)
(206) 441-4220 (Fax)